# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF KANSAS,

DURING THE TERM COMMENCING JANUARY, 1868.

---

THE STATE OF KANSAS *ex rel.* A. L. WILLIAMS *v.* P. I. BONEBRAKE, CO. CL'K SHAWNEE CO., Respondent.

*Mandamus from Shawnee County.*

*Semble,* the act of Feb. 12th, '64 [L. '64, p. 58], would warrant the claim of a county attorney to enforce the county clerk, by writ of mandamus, to issue county orders on the treasurer for such amount as the district judge had allowed for his services in criminal cases; but *Held,* that the act of Feb. 5d, '65 [L. '65, p. 75], gives to the commissioners exclusive control of all expenditures whatsoever. The obvious policy of this law, and of the act of Feb. 11th, '65 [L. '65, p. 74], providing for publishing a statement of all allowances, is to insure a systematic administration, and to enforce the auditing of all claims against the county by the commissioners. Writ of mandamus refused.

The opinion of the court, hereafter inserted, contains a sufficiently ample statement of the facts of the case for illustrating the points decided.

*A. L. Williams, per se,* for relator.

*County Attorney, Tom. Ryan,* for respondent.

*Ryan,* for respondent, relied upon the following authorities: *L.* '64, *p.* 58, §§ 1, 4; *L.* '65, *p.* 75, § 1; *id., p.* 74, § 1.

*By the Court,* BAILEY, J.

The relator in this case shows to the court that from January, 1866, to January, 1867, he was the duly elected and acting county attorney of the county of Shawnee, and that as such county attorney he conducted the prosecution in the case of the State *v.* Wm. Marlatt and in the case of the State *v.* Ferdinand Finsky; and that the presiding judge of the district court of said county, before whom the cause was tried, made an order of said court, entered upon the records thereof, allowing relator, as such county attorney, the sum of fifteen dollars for his services in the former case, and five dollars and fifty cents in the last mentioned case.

The relator then shows that he presented his said orders of allowance to the county clerk of said county of Shawnee, and demanded that the said county clerk should make out and deliver to him an order on the county treasurer for said amounts; but that the county clerk refused to make out and deliver such order, claiming that he had no power or authority to do so, until said claim had been examined and audited by the board of county commissioners for said county. The relator, therefore, prays for a peremptory writ of mandamus to compel said county clerk to make out and deliver the order on the county treasurer for the

several sums allowed him for services by the presiding judge.

An examination of the act of 1864, approved Feb. 21, entitled "An act to provide for the election of county attorneys, and prescribing their duties," would seem fully to warrant the relator's claim. Sec. 4 of that act provides that the county attorney, for each county of this state, shall receive such compensation for his services as shall be allowed by the judge of the district court of the county wherein such services may be rendered. The amount of such services, in both civil and criminal business, pertaining to his office, to be determined by the judge of the district court at each and every term of said court in said county. All of the allowances made by the court to county attorneys, contemplated by this act, to be paid out of the county treasury, on the order of the county clerk.

This section would have been conclusive, and would have necessitated the issue of the mandamus as prayed for, had not the legislature, at the next subsequent session, by the act relating to the duties of county commissioners, approved Feb. 2, 1865, provided otherwise. Section 1, of the last mentioned act, provides that the county commissioners of the several counties shall have exclusive control of all expenditures, in all cases whatsoever; and by the act to regulate county affairs, approved Feb. 11, 1865, the county commissioners are required to publish a statement of all sums of money allowed, and for what purpose, and to whom issued, &c.

The obvious policy of the two last mentioned acts was to insure a more systematic administration of county affairs, and for that purpose to require all items of expenditure, and all claims for services, to the

county, of whatever nature, or by whoever rendered, to be audited and approved by the board of county commissioners.

The requirement that a statement of all sums allowed at each meeting of the board should be published, would evidently fail of its purpose, unless all claims were required to be presented to the board for audit and allowance. We are of opinion, therefore, that the order of the judge in this case must first be presented to the county board, and the mandamus must be refused.

All the justices concurring.